# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALFREDO PRIETO, MARIA RAMIREZ, and FRANCISCO N. RAMIREZ, <br>     Plaintiff, <br><br>     v. <br><br> STATE FARM INSURANCE COMPANY, <br>     Defendant. | CAUSE NO.: 2:15-CV-452-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant, State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment [DE 28], filed on November 22, 2017, and Plaintiffs' Motion to Strike [DE 38], filed on February 26, 2018.

## I.  Procedural Background

Plaintiffs Alfredo Prieto, Francisco N. Ramirez, and Maria E. Ramirez filed a Complaint in state court on November 5, 2015, that was removed to this Court on December 15, 2015. It seeks damages from Defendant State Farm, including allegations of breach of contract and breach of an obligation to deal in good faith with respect to State Farm's nonpayment of funds under a policy providing under-insured motorist coverage.

On November 22, 2017, State Farm filed the instant Partial Motion for Summary Judgment. On February 26, 2018, Plaintiffs filed a response as well as the instant Motion to Strike. State Farm filed a response to the Motion to Strike and a separate reply in support of its Motion for Summary Judgment on March 22, 2018.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with

affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth

of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

**III.     Facts**

On November 6, 2012, a vehicle driven by Plaintiff Alfredo Prieto was in a traffic accident. Plaintiff Maria Ramirez was a passenger in the vehicle, which was owned by her husband, Plaintiff Francisco Ramirez. The driver of the other car was the named insured on an automobile policy written by State Farm with policy limits for bodily injuries of $25,000 per individual. Francisco Ramirez's vehicle was covered by a policy written by State Farm on which he was the sole named insured. The policy provided underinsured motorist's coverage up to $100,000 "for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle." Plaintiffs' injuries exceeded the other individual's $25,000 policy limits, so Plaintiffs sought payment from State Farm pursuant to the underinsured motorists coverage in the policy obtained by Francisco Ramirez. When State Farm did not pay Plaintiffs pursuant to this underinsured motorist coverage, they brought suit.

**IV.     Analysis**

State Farm argues that it is entitled to summary judgment on Plaintiffs' claims that it breached its duty to act in good faith pursuant to the insurance contract between State Farm and Francisco Ramirez. In Indiana, "there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 518 (Ind. 1993). Plaintiffs allege that State Farm has breached that duty.

State Farm argues that Prieto lacks standing to sue State Farm for bad faith because he is not an insured under the operative automobile insurance contract. In this case, the named insured

4

was Francisco Ramirez. Prieto asserts that his status as a "permissive user" of the covered vehicle makes him an insured under the contract, and that he is therefore entitled to good faith from State Farm.

Plaintiffs do not dispute that Prieto was not the named insured on the relevant policy, nor do they allege that he was in privity of contract with State Farm. Instead, he is a third-party beneficiary of the insurance contract between Francisco Ramirez and State Farm. This gives him standing to sue to enforce the contract, but under Indiana law, "third-party beneficiaries cannot sue an insurer in tort for bad faith." *Samaron Corp. v. United of Omaha Life Ins. Co.*, No. 3:12-CV-397, 2014 WL 4906314, at *14 (N.D. Ind. Sept. 29, 2014) (citing *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006)); *Estate of Swan v. Westfield Ins. Co.*, No. 3:07-CV-69 JVB, 2009 WL 3200298, at *4 (N.D. Ind. Sept. 25, 2009) ("Indiana law does not permit [a third party beneficiary] to bring a direct action against [an insurance company] on his tort action of bad faith dealing."). Accordingly, as State Farm argues, since Prieto was not the named insured, the holder of the policy with State Farm, or in privity of contract with State Farm, State Farm does not owe him any duty of good faith and fair dealing. Accordingly, his claim for breach of that duty must fail, and State Farm is entitled to judgment on Prieto's claim against it for bad faith.

The Court next turns to the claims of bad faith brought by the Ramirez Plaintiffs. The Indiana Supreme Court has recognized that

> The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (l) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.

*Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993). However, "poor judgment or negligence

5

do not amount to bad faith; the additional element of conscious wrongdoing must also be present. A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Lumbermens Mut. Cas. Co. v. Combs*, 873 N.E.2d 692, 713-714 (Ind. Ct. App. 2007) (quoting *State Farm Mut. Auto Ins. Co. v. Gutierrez*, 844 N.E.2d 572, 580 (Ind. Ct. App. 2006)) (other citations omitted); *see also Allstate Ins. Co. v. Fields*, 885 N.E.2d 728, 732 (Ind. Ct. App. 2008).

State Farm argues that there is no indication that it had conscious wrongdoing with respect to its treatment of the insurance claims in this case. In Indiana, "a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith." *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 520 (Ind. 1993) (listing cases). State Farm argues that it diligently investigated Plaintiffs' injuries and attempted to obtain continued information from counsel for Plaintiffs, including requests for authorization of payments, to obtain utilization reviews after treatment exceeded a year, and for an under-insured motorists claim demand.

Plaintiffs make no argument regarding State Farm's good faith with respect to Maria and Francisco Ramirez, and therefore have waived these claims. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 733-34 (N.D. Ill. 2012) (summarizing a large body of case law concluding that "the opposing party waives any argument that it does not present and develop in its memorandum of law in opposition to summary judgment") (citations omitted). As to Prieto, Plaintiffs argue that there are genuine issues of fact regarding what they characterize as "Defendant's delay and refusal to pay Prieto's UIM claim." However, as described above, Prieto is owed no duty of good faith as a third-party beneficiary to the contract. Accordingly, State Farm is entitled to summary judgment on the

claims of bad faith as to all three Plaintiffs.

Plaintiffs also move to strike materials designated by State Farm in support of its Motion. In particular, they argue that significant portions of one affidavit be stricken because those statements lack basis in the affiant's personal knowledge and include inadmissible hearsay, and argue that two other exhibits should be stricken because they are not properly authenticated by that affidavit. However, the Court has found that Prieto cannot bring a claim for bad faith against State Farm, and Plaintiffs have abandoned any such claims on behalf of the Ramirez Plaintiffs, so the Court need not consider or rely on the affidavits for determinations regarding State Farm's treatment of Plaintiffs' insurance claims.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant, State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment [DE 28] and **ORDERS** that judgment is entered in favor of Defendant State Farm on all of Plaintiffs' claims for breach of good faith. The Court **DENIES as moot** Plaintiffs' Motion to Strike [DE 38].

SO ORDERED this 12th day of July, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record